## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ricky Morman,

        Plaintiff,

v.

Trans Union, LLC and SCA Collections-Greenville, N.C., Inc.

        Defendants.

Case No.:

## COMPLAINT
## WITH JURY TRIAL DEMAND

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, and failures to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff, and failures to conduct reasonable investigations with respect to such information.

## PARTIES

1.    Plaintiff, Ricky Morman, is natural person who resides in Fulton County, Georgia.

2.    Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.    Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant Trans Union LLC (hereinafter "TransUnion") is a credit bureau doing business in Georgia.

5.    TransUnion regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.    Defendant, SCA Collections-Greenville, N.C., Inc. (hereinafter "SCA") does business in Georgia.

7.    Defendant SCA regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

8.    Defendant SCA uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

9.   Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331.   Additionally, jurisdiction and authority to enforce a bankruptcy court order arises under 28 U.S.C. § 1334, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

10.  Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

11.  On September 18, 2012, the Plaintiff filed a Chapter 13 bankruptcy petition in the Northern District of Georgia, case number 12-73265.

12.  On or about February 18, 2015, the Plaintiff's bankruptcy was converted from a Chapter 13 to a Chapter 7.

13.  The Plaintiff received a discharge of his debts by Order of that Court dated June 10, 2015.

14.  Among the debts discharged was a debt owing to Defendant SCA.

15.  Although the SCA debt was not scheduled in Plaintiff's Chapter 7 bankruptcy, because it was incurred in 2014, prior to Plaintiff's bankruptcy

being converted from a Chapter 13 to a Chapter 7, it was discharged just the same.

16.   The alleged SCA debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17.   On or about August 7, 2015, Plaintiff obtained a copy of his consumer report as published by TransUnion.

18.   That report contained erroneous information as provided by SCA and published and reported by TransUnion. Specifically, the Defendants reported that the alleged SCA debt was in collection status, and that Plaintiff owed a balance of $129 to SCA post-discharge.

19.   While the automatic stay was in effect during the Plaintiff's bankruptcy, it was illegal for Defendant SCA to report any post-filing derogatory collection information.

20.   Defendant SCA did not, during the pendency of the Plaintiff's bankruptcy case, obtain relief from the automatic stay for the purpose of continuing collection efforts by reporting post-filing derogatory collection information.

21.   Defendant SCA did not, during the pendency of the Plaintiff's bankruptcy case, obtain relief from the bankruptcy discharge injunction for the purpose

4

of continuing collection efforts by reporting post-discharge derogatory collection information.

22. Notwithstanding the effect of the automatic stay and discharge injunction, Defendant SCA reported to Defendant Trans Union that the alleged SCA debt was in collection status, and that Plaintiff owed a balance of $129 to SCA post-discharge.

23. Because the alleged SCA debt was discharged in Plaintiff's bankruptcy, the information described above was both false and misleading.

24. In a letter dated October 19, 2015, Plaintiff disputed the inaccurate and misleading information directly to both Defendants and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading.  In that letter, Plaintiff also requested that Defendant Trans Union send him a copy of the corrected consumer credit report.  A true and correct copy of this letter is attached hereto as "EXHIBIT A."

25. On October 19, 2015, Plaintiff also called Defendant Trans Union and requested a complete copy of his consumer credit report.

26. Upon information and belief, in addition to Plaintiff's direct notice to Defendant SCA,  Defendant TransUnion timely notified Defendant SCA of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

27.    In a document dated November 5, 2015, Defendant TransUnion advised Plaintiff that it had researched Plaintiff's dispute, and that the revised report reflected its findings. Defendant TransUnion provided a copy of the SCA tradeline as reported that reproduced the errors identified by the Plaintiff in his original dispute letter; Trans Union did not provide a copy of the corrected consumer credit report.    A true and correct copy of the reinvestigation report is attached as "EXHIBIT B."

28.    There is no indication in the tradeline of the "verified" reinvestigation report that the Plaintiff has disputed the information reported and published by Defendants.

29.    In a letter dated December 3, 2015, Plaintiff reiterated his October 19, 2015 requests to Defendant Trans Union, and again requested that Trans Union send him a complete copy of his consumer credit report.  A true and correct copy of this letter is attached hereto as "EXHIBIT C."

30.    In a document dated December 12, 2015, Defendant TransUnion advised Plaintiff that it had researched Plaintiff's dispute, and that the revised report reflected its findings. Defendant TransUnion again provided a copy of the SCA tradeline as reported that reproduced the errors identified by the Plaintiff in his original dispute letter; Trans Union did not provide a complete copy of the corrected consumer credit report as requested on

October 19, 2015 and again on December 3, 2015.  A true and correct copy of the second reinvestigation report is attached as "EXHIBIT D".

31.   There is no indication in the tradeline of the second "verified" reinvestigation report that the Plaintiff has disputed the information reported and published by Defendants.

32.   Defendant TransUnion was required to communicate the specifics of Plaintiff's dispute to Defendant SCA. Likewise, Defendant SCA had a duty to investigate the dispute and accurately report its findings to Defendant TransUnion.

33.   SCA is responsible for providing accurate information whenever they furnish information to any consumer reporting agency.

34.   TransUnion is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

35.   TransUnion had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant SCA.

36.   Each and both of the Defendants, independently and jointly, breached their duties as described above.

37. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations of Plaintiff's disputes, the information in Plaintiff's credit file and the indication on Plaintiff's consumer reports that Plaintiff's alleged debt to SCA is in collections, and that Plaintiff owes a balance of $129 to SCA post-discharge was not appropriately deleted, modified, or marked as disputed.

38. Defendants' failure to correct or, at minimum, to mark the alleged debt as disputed in the face of clear evidence of a discharge indicates that their review procedures were not reasonable.

39. That failure further indicates that Defendants recklessly disregarded the Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

40. As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

41. Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to his credit rating, and emotional distress.

42.   SCA's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

43.   Defendant SCA provided the false and misleading information to TransUnion in furtherance of its efforts to collect the debt.

## TRIAL BY JURY

44.   Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Trans Union, LLC)

45.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

46.   Defendant TransUnion willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the recorded discharge.

47.   Defendant TransUnion willfully, or, in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing

thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, or to mark the debt as disputed, in reckless disregard of the statutory requirements, Plaintiff's dispute, and the recorded discharge.

48.    As a result of Defendant TransUnion's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging Trans Union's wrongful representations, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

49.    Defendant TransUnion's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

50.    Plaintiff is entitled to recover costs and attorney's fees from Defendant TransUnion pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681s-2(b)
### (SCA Collections-Greenville, N.C., Inc.)

51.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

52. Defendant SCA willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from Plaintiff and from one or more consumer reporting agencies, and by failing to appropriately report the results of their investigations, and by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

53. As a result of SCA's violations of § 1681s-2(b), Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging SCA's wrongful representations, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

54. Defendant SCA's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Defendant SCA pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,
15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10)
(SCA Collections-Greenville, N.C., Inc.)**

56.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

57.   Defendant SCA's provision of false and/or misleading information to Trans Union on or about November 4, 2015 in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

58.   As a result of SCA's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging SCA's wrongful representations, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

59.   Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant SCA $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT IV

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) (SCA Collections-Greenville, N.C., Inc.)

60.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

61.    Defendant SCA's provision of false and/or misleading information to Trans Union on or about December 11, 2015 in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

62.    As a result of SCA's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging SCA's wrongful representations, detriment to his credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

63.    Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant SCA $1,000 in statutory damages and reasonable attorney's fees and costs.

**COUNT V**

**VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION,
11 U.S.C. § 524(a)(2)
(SCA Collections-Greenville, N.C., Inc.)**

64.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65.   Defendant SCA willfully violated 11 U.S.C. § 524(a)(2) by attempting to collect a discharged debt by reporting post-bankruptcy derogatory collection information, including that there was still a balance in active collection.

66.   After receiving actual notice of its false and misleading post-discharge report, and a specific request to remedy the false report, Defendant SCA not only refused but re-reported the false information to Defendant TransUnion twice.

67.   Defendant SCA's actions and omissions were willful, rendering SCA liable for civil contempt sanctions.

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Statutory damages against SCA pursuant to 15 U.S.C. § 1692k;

e.) Civil Contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff the "Fresh Start" he is entitled to upon

14

discharge, and to deter future similar conduct on the part of the Defendant; and

f.) Reasonable attorney's fees and costs against SCA pursuant to 15 U.S.C. § 1692k; and

g.) Such other and further relief as may be just and proper.

Respectfully submitted this 28th day of January, 2016.

/s/ Matthew T. Berry
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

/s/ Paul J. Sieg
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com